# United States Court of Appeals
## For the First Circuit

No. 20-2100

UNITED STATES OF AMERICA,

Appellee,

v.

JONATHAN BOWERS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Kayatta, and Gelpí,
Circuit Judges.

Elizabeth A. Billowitz on brief for appellant.
Julia M. Lipez, Assistant United States Attorney, and Darcie
N. McElwee, United States Attorney, on brief for appellee.

March 1, 2022

**GELPÍ**, **Circuit Judge**.  Defendant-Appellant Jonathan Bowers ("Bowers") pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1]  At sentencing, the district court determined that his several prior Maine convictions called for a mandatory minimum sentence of fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[2]  On appeal, Bowers challenges the imposition of his sentence under the ACCA.  We affirm.

## I. Background

This sentencing and subsequent appeal arise from events that took place on April 9, 2016.  On that day, Bowers went to an auto mechanic garage belonging to his friend J.T.[3] in Chelsea, Maine to do some work on his pickup truck.  An altercation ensued after J.T. accused Bowers of being rude to some of his customers and asked him to leave.  During the course of the argument, Bowers

---

[1] "It shall be unlawful for any person-(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ."  18 U.S.C. § 922(g)(1).

[2] "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ."  18 U.S.C. § 924(e)(1).

[3] This individual will be referred to by his initials to maintain anonymity.

reached for a pistol in the waistband of his pants.[4] J.T. then struck Bowers on the head with a wrench, rendering him unconscious. Police were called to the scene to respond to the incident. Bowers was taken to the hospital where he was given medical attention and was found to have developed a concussion. Neither Bowers nor J.T. was charged with any state law offense as a result of this incident.

On November 10, 2016, a grand jury indicted Bowers for violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1) by knowingly possessing a firearm despite having "previously been convicted of a crime or crimes punishable for a term of more than one year imprisonment." The indictment listed seven such convictions for Bowers. Bowers pled guilty to the felon in possession charge, leaving for sentencing the determination of the ACCA's applicability.

On November 16, 2020, Bowers's sentencing hearing was held. The district court reiterated its prior written order that Bowers, due to his four prior Maine burglary convictions, qualified for the ACCA's enhanced mandatory minimum penalty. The district

---

[4] Witnesses also reported previously seeing Bowers shooting both a handgun and an AR-15 behind J.T.'s garage, and the police found evidence of spent casings around the garage consistent with reports that someone engaged in target practice there.

- 3 -

court sentenced Bowers to a term of imprisonment of 180 months, equivalent to fifteen years.[5]

## II. Discussion

Bowers makes two arguments on appeal, which we discuss in turn.

## A. Standard of Review

In general, our review of whether a prior conviction qualifies as a predicate offense under the ACCA is de novo. United States v. Pakala, 568 F.3d 47, 54 (1st Cir. 2009). When a prior panel decision holds that a type of offense categorically qualifies as a predicate, however, the law of the circuit doctrine applies. See United States v. Mouscardy, 722 F.3d 68, 77 (1st Cir. 2013).

## B. Maine's Burglary Statute

Bowers first argues that the district court erred in applying the ACCA to him based on his prior burglary convictions in the State of Maine. Bowers argues that the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), effectively overruled our earlier, directly on-point decision in United States v. Duquette, 778 F.3d 314 (1st Cir. 2015).

In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court held that "a person has been convicted of burglary for purposes of [ACCA] enhancement if he is convicted of any crime,

---

[5] The applicable Sentencing Guidelines provided a range of 180-210 months of imprisonment.

- 4 -

regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. Subsequently, in Duquette, we determined that the Maine burglary statute, Me. Rev. Stat. Ann. tit. 17-A, § 401(1), qualifies as generic burglary under the definition set forth in Taylor. Duquette, 778 F.3d at 318. Therefore, under Duquette, a conviction under the Maine burglary statute "qualifies as a 'violent felony' under the ACCA." Id.

In Mathis, decided the year after Duquette, the Supreme Court held that Iowa's burglary statute was broader than the definition of generic burglary under the ACCA and therefore convictions under it could not qualify as predicate offenses. Mathis, 136 S. Ct. at 2257. The Court did not redefine "generic burglary." See id. at 2250 (citing Taylor, 495 U.S. at 598 for definition of the generic offense). Generic burglary still consists of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. "Iowa's statute, by contrast, reaches a broader range of places: 'any building, structure, [or] land, water, or air vehicle.'" Mathis, 136 S. Ct. at 2250 (alterations in original) (quoting Iowa Code § 702.12). The parties, in fact, there agreed that "Iowa's burglary statute . . . covers more conduct than generic burglary does." Id.

Bowers argues that the Maine statute is similarly structured to Iowa's statute and therefore, under Mathis, Bowers's convictions for burglary under Maine law should similarly preclude the application of the ACCA to him. Specifically, Bowers argues that the Maine burglary statute defines "structure," as does the Iowa statute, to include certain vehicles. Bowers posits that the definition encompasses vehicles used to store property rather than transport persons, and therefore, as in Mathis, is broader than "generic burglary" as defined in Taylor. The relevant statutory language that Bowers relies on, Me. Rev. Stat. Ann. tit. 17-A, § 2(24), defines a structure as "a building or other place designed to provide protection for persons or property against weather or intrusion, but does not include vehicles . . . whose primary purpose is transportation of persons or property unless such vehicle . . . is also a dwelling place." The Maine statute defines a dwelling place in pertinent part as "a structure that is adapted for overnight accommodation of persons, or sections of any structure similarly adapted." Id. § 2(10).

Bowers argues that the Supreme Court's subsequent decision in Mathis requires us to reconsider our decision in Duquette that the Maine burglary statute qualifies as generic burglary under the ACCA. Under the "law of the circuit" doctrine, our panel is "bound by a prior panel decision, absent any intervening authority." Mouscardy, 722 F.3d at 77 (quoting United

- 6 -

States v. Grupee, 682 F.3d 143, 149 (1st Cir. 2012)). An exception to this rule arises when "[a]n existing panel decision [is] undermined by controlling authority, subsequently announced, such as an opinion of the Supreme Court." United States v. Holloway, 630 F.3d 252, 258 (1st Cir. 2011) (alterations in original) (quoting Igartua v. United States, 626 F.3d 592, 603 (1st Cir. 2010)). We must also be mindful that a case's "holding . . . can extend through its logic beyond the specific facts of its case." Id. at 258 (alteration in original) (quoting Los Angeles County v. Humphries, 562 U.S. 29, 38 (2010)).

We disagree with Bowers's interpretation of Mathis to the effect it overrules our decision in Duquette. The Supreme Court's decision in Mathis did not alter the definition of generic burglary. Because our decision in Duquette was that the Maine burglary statute qualified as generic burglary, and the Supreme Court's decision in Mathis involved a statute which all parties agreed swept more broadly than that, Mathis does not affect our holding in Duquette.

Our conclusion is supported by United States v. Stitt, 139 S. Ct. 399 (2018). There, the Court decided whether two state burglary statutes fell within the ACCA's definition of generic burglary. Id. at 403-04. The statutes at issue included vehicles used for overnight accommodation as structures for the purposes of burglary. See id. at 404 (discussing Ark. Code. Ann. § 5-39-

- 7 -

101(1); Tenn. Code Ann. § 39-14-401(1)(A)-(B)). The Court held that the pertinent statutory language relating to such vehicles "falls within the scope of generic burglary's definition as set forth in Taylor." Id. at 406. The Court reasoned that Congress intended the ACCA's definition of burglary to "reflect 'the generic sense in which the term [was] used in the criminal codes of most States' at the time the Act was passed." Id. (alteration in original) (quoting Taylor, 495 U.S. at 598). At that time, "a majority of state burglary statutes covered vehicles adapted or customarily used for lodging." Id.

The Supreme Court in Stitt also addressed the argument that "in Taylor, Mathis, and other cases, [the Court] said that burglary of certain nontypical structures and vehicles fell outside the scope of the [ACCA's] statutory word 'burglary.'" Id. at 407. Using that language, the respondents in Stitt argued that the vehicles used for overnight accommodation at issue in their case were "analogous to the nontypical structures and vehicles to which the Court referred in those cases." Id. The Court disagreed and clarified that it "did not decide in either [Taylor or Mathis] the question [then] before [it]." Id. For example, Mathis was concerned with whether Iowa's burglary statute qualified as generic burglary under the ACCA although some means of satisfying the structure element fall "within Taylor's generic definition and some . . . fall outside it." Id.

- 8 -

The reasoning in <u>Mathis</u> and the Supreme Court's later explication of the same in <u>Stitt</u> confirms that <u>Mathis</u> does not provide a basis for questioning <u>Duquette</u>'s precedential effect. Therefore, we affirm the district court's decision and uphold Bowers's fifteen-year sentence.

## C. <u>Application of the Categorical Approach</u>

Bowers advances a second argument before this court which is also unpersuasive. He posits that the categorical approach did not require the district court to ignore the facts of his prior convictions, which he insists fall outside the definition of generic burglary. Specifically, Bowers underscores the fact that, in two of his predicate burglary convictions, the structure at issue was a mobile trailer. In making this argument, Bowers relies on statements that the district court made in its supplemental order which he characterizes as "implicitly agree[ing]" that mobile trailers do not qualify as structures under the ACCA's definition of generic burglary. <u>See</u> <u>United States</u> v. <u>Bowers</u>, No. 16-CR-00151, 2020 WL 4925684, at *7-8 (D. Me. Aug. 21, 2020). Nevertheless, the district court recognized it was bound to use the categorical approach in Bowers's case because Maine's burglary statute did not contain divisible elements. <u>Id.</u> Bowers argues that there is no consistent reasoning that prevents sentencing judges from applying the modified categorical approach

to ACCA predicate crimes, and indeed that Mathis encourages this result.

Under the modified categorical approach, the sentencing court considers "a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of" in order to compare that crime's elements to those of the generic offense. Mathis, 136 S. Ct. at 2249 (citing Shepard v. United States, 544 U.S. 13, 26 (2005); Taylor, 495 U.S. at 602). This elements-matching approach is utilized to determine whether a conviction is an ACCA predicate offense when "[a] single statute . . . list[s] elements in the alternative, and thereby define[s] multiple crimes." Id. In contrast, the categorical approach is applied "when a statute sets out a single . . . set of elements to define a single crime." Id. at 2248. Those elements are then compared with the elements of the generic offense to "see[] if they match." Id. To apply the categorical approach, courts "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Id.

In this case, we have a straightforward application of the categorical approach, and thus, we decline Bowers's invitation to apply the modified categorical approach to his case by considering the specific facts underlying his prior burglary convictions. In Duquette, we utilized the categorical approach to

analyze Maine's burglary statute and held that "[b]y its clear and unambiguous terms, the statute contains all of the elements of 'generic burglary' that the Supreme Court set forth in <u>Taylor</u>." 778 F.3d at 318.  For the reasons described <u>supra</u>, we decline to overturn our prior decision in <u>Duquette</u> and its application of the categorical approach to the same statute at issue here.  Moreover, the Supreme Court has instructed that both the "language" and "legislative history" of the ACCA favor the categorical approach. <u>Taylor</u>, 495 U.S. at 600-01.

## III. **Conclusion**

For the foregoing reasons, the district court's application of the ACCA and imposition of a mandatory fifteen-year sentence is

**AFFIRMED.**